(15 Misc. Rep. 459.)

### WILDER v. NEW YORK BANK-NOTE CO.

(City Court of New York, General Term. January 28, 1896.)

COUNTERCLAIM—PLEADING—REPLY.

In an action for legal services, defendant alleged, as a counterclaim, that plaintiff had collected money for defendant in another case, and had neglected to pay it over. Plaintiff replied, admitting the receipt of the money specified in the answer, but alleged that it had been applied in satisfaction of other claims for services rendered by plaintiff to defendant. *Held,* that the reply did not contain a counterclaim, but merely denied defendant's counterclaim, and set forth new matter not inconsistent with the complaint.

Appeal from trial term.

Action by William R. Wilder against the New York Bank-Note Company. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion to set aside the verdict and for a new trial, defendant appeals. Affirmed.

Argued before BOTTY, FITZSIMONS, and McCARTHY, JJ.

Lyon & Smith, for appellant.
Rudd & Hunt, for respondent.

BOTTY, J. This action was brought by the plaintiff, an attorney and counselor at law, as assignee of the firm of Rudd, Hunt & Wilder, attorneys and counselors at law, of which said firm the plaintiff was a member at the time of its dissolution. When the partnership was dissolved the remaining members of the firm assigned to plaintiff the cause of action in suit. The plaintiff's claim arises out of certain specific services rendered by plaintiff's former law firm to the defendant, which are particularly set forth in plaintiff's bill of particulars. The amount of the claim is for $1,-159.39, less the sum of $742.34 paid on account thereof, leaving a balance due amounting to $417.05. On the trial of this action no serious attempt was made by the defendant to dispute the rendition of the services, or the value thereof. The defendant, however, by way of defense, among other things, set up a counterclaim for $400, for moneys collected by the plaintiff for the defendant from the Shore-Line Railroad Company in settlement of a claim which the defendant had against it, and which had been placed in the hands of plaintiff's firm for prosecution and collection, and charged the plaintiff with wrongfully retaining and refusing to pay over said sum to the defendant, after demand duly made therefor. The plaintiff, replying to said counterclaim, denied each and every allegation contained in said answer constituting such counterclaim, but ad-

mitted that on or about January 25, 1893, he collected said sum of money from the Shore-Line Railroad Company, to and for the use of defendant; but he alleges that thereafter, and on or about February 11, 1893, he, on behalf of his firm, duly accounted for the same to the defendant, and rendered to it a bill or statement of account at or about said last-named date, a true copy of which was annexed to said reply, and formed part thereof. The reply, in substance, shows that plaintiff's firm claimed there was due it a balance of $234.68 for services rendered in a suit brought in the supreme court by one Ezekiel C. M. Rand against the New York Bank-Note Company and George H. Kendall; to amount as per bill rendered January 1, 1893, in Re Transfer of Greenwich Street Property, $14.50; and to amount as per bill rendered in suit of New York Bank-Note Company against Shore-Line Railroad Company, $71.97; total, $321.15,—and that said firm received from said Shore-Line Railroad Company the sum of $400, which was applied by said firm on account of said claim for services, leaving a balance in its hands to the credit of the defendant amounting to $78.85, which amount was sent to the defendant. This amount, however, the defendant declined to accept, claiming that plaintiff's firm had no right to fix its own fees in such manner. On the trial of this action the defendant moved for judgment in its favor upon the pleadings for $33.45; being the difference between the amount of defendant's second counterclaim and interest, amounting to $433.45, and the amount of plaintiff's claim, to wit, $400. The contention of the defendant was that plaintiff could not litigate this claim for $234.68 in the bank matter, unless pleaded in his complaint. This motion was denied, and exception duly taken thereto.

The question which thus presents itself at the outset is, do the matters contained in the reply set up a defense to such counterclaim? Or do they constitute an independent counterclaim against the defendant? Code Civ. Proc. § 514, prescribes what a reply must contain, viz.:

"Where the answer contains a counterclaim, the plaintiff if he does not demur, may reply to the counterclaim. The reply must contain a general or specific denial of each material allegation of a counterclaim, controverted by the plaintiff, or of any knowledge or information thereof sufficient to form a belief; and it may set forth in ordinary and concise language without repetition new matter not inconsistent with the complaint constituting a defense to the counterclaim."

This provision does not authorize a counterclaim in express words, nor is any authorized by implication from the permission granted to plead new matter "constituting a defense to the counterclaim," for new matter constituting a defense is distinguished in the Code from new matter constituting a counterclaim. The omission of the term "counterclaim" from the prescribed contents of a reply must be regarded as prohibiting such a plea in a reply. The plaintiff's reply, however, does not contain a counterclaim, but a denial of the defendant's counterclaim, and sets forth new matter, not inconsistent with the complaint, tending to show that there was no conversion. Such pleading is permissible under the Code, which

permits the plaintiff, in his reply, to set forth new matter, not inconsistent with the complaint, constituting a defense to the counterclaim.

The defendant contends, however, that plaintiff having sued for certain services rendered to defendant between certain periods designated in the complaint, which said services are specifically set forth in the bill of particulars furnished by the plaintiff, he was in duty bound to include the charges for services in the Rand, Greenwich Street Property. and Shore-Line Railroad Company cases, rendered by the plaintiff's firm (which are not embraced in the complaint and plaintiff's bill of particulars) during said period, and towards the payment of which plaintiff's firm applied the moneys collected by it in settlement of the Shore-Line Railroad case.   The plaintiff was under no obligation so to do, as the services so rendered and paid for were independent of the services for which suit was brought, and constituted no part thereof.   It was therefore competent for the plaintiff to plead the application of the moneys which he is charged with having converted by way of defense to defendant's counterclaim, and to give evidence in substantiation of such plea.

As to the contention of the defendant that the charges in the Rand matter were for services rendered either to Mr. Kendall, or to him jointly with the defendant, it appears from the record that the services rendered were in fact for the benefit of the defendant, and were so regarded by the defendant, through its president and principal stockholder, Mr. Kendall; and the same was therefore properly submitted to the jury.

The question as to whether the agreement made between the plaintiff and the defendant, dated July 19, 1891, and marked "Defendant's Exhibit No. 6," by the terms of which the plaintiff agreed that his fees for the current litigation, and such other litigation with which he might be intrusted by the defendant and Mr. Kendall, should be such as should meet the approval of Mr. Kendall, and, if any question should arise regarding the amount of such charges, the said Kendall should be privileged to nominate such sum "as shall be satisfactory to him," was abrogated between the parties, as well as the question of the rendition of the services in the Rand, Greenwich Street Property, and Shore-Line Railroad cases, and its value, and the application in part of the moneys collected by plaintiff's firm in the Shore-Line Railroad case towards the payment of such services, was likewise properly submitted to the jury.

The denial of defendant's motion for judgment upon the pleadings, as well as of the motion for a dismissal of the complaint, and the denial of the motion for the direction of a verdict in favor of the defendant for $452.25, was proper, and the admission and exclusion of evidence were in accordance with the established rules of evidence and practice.

The exceptions taken to the judge's charge are untenable, as the charge was fair, full, and complete, covering all questions of law and fact, and the same was in no wise prejudicial or unfair towards the defendant.

The verdict of the jury being in accordance with the law and facts, the same should stand. The judgment and order appealed from must therefore be affirmed, with costs. All concur.